IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MICHAEL L.  DOUGLAS                                             PETITIONER

v.                              Case  No. 1:14-cv-1053

RAY HOBBS, Director,                                           RESPONDENT
Arkansas Department of Corrections

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Michael Larenzo Douglas ("Douglas"), an inmate confined in the Arkansas

Department of Correction, Ouachita River Unit, Malvern, Arkansas, filed a "Petition to Void

Judgement" which the Court has determined is a Petition for Writ of a *Habeas Corpus* pursuant to

28 U.S.C. § 2254.  ECF No. 1.  The Petition was referred for findings of fact, conclusions of law and

recommendations for the disposition of the case.  The Respondent, Director, filed his Response on

November 25, 2014.  ECF No. 7.  For the reasons set forth below the Petition should be dismissed.

A. **Procedural Background**[1]:

Douglas brings this action challenging his conviction in Drew County Circuit Court for rape

in 1984.  ECF No. 1.  On July 27, 1984, in Ashley County, Arkansas, Petitioner was convicted by

a jury of rape.  ECF No. 7.  He was sentenced to 40 years imprisonment.  *Id.*  He appealed his

conviction to the Arkansas Supreme Court, raising three points of error.  *See Douglas v. State*, 286

Ark. 296 (Ark. 1985).  The Arkansas Supreme Court ruled against Douglas on all three points.  *Id.*

In 1994, Douglas filed, in the county in which he was incarcerated, a *pro se* petition for writ

of *habeas corpus* seeking release from prison. *See Douglas v. State*, CR 96-385, 1996 WL 391604

*1 (Ark. July 8, 1996).  ECF No. 7.  Douglas claimed the trial court erred by not holding a hearing

---

[1] The procedural background is taken from the Petition, the Response, the record from *Douglas v. Hobbs*, No. 1:13-CV-1086 (W.D. AR 2013), and this Court's own docket.

to transfer his rape case to juvenile court, as he was fifteen years old at the time of the trial. The trial court denied the petition. The Arkansas Supreme Court on review dismissed the appeal holding the claim raised did not support issuance of a writ. *Id.*

On November 20, 2012, Petitioner filed a *pro se* petition for *habeas corpus* relief in the Circuit Court of Hot Springs, Arkansas. ECF No. 7. In this petition, he sought relief from the 1984 rape conviction. The Hot Springs County Circuit Court denied this petition on April 18, 2013. *Id.*

Douglas next sought relief, pursuant to 28 U.S.C. § 2254, in the United States District Court for the Western District of Arkansas. *See Douglas v. Hobbs*, No. 1:13-CV-1086 (W.D. AR 2013). He filed that petition on November 5, 2013. In this first federal petition he alleged: (1) he was tried as an adult rather than a juvenile, (2) he was tried in Ashley County rather than Drew County where the criminal charges originated, (3) following his conviction the trial court never followed the directive of the Arkansas Supreme Court by filing his Judgment and Commitment order in Ashley County the venue of the trial as a result of the foregoing the 1984 conviction is void, and (4) ineffective assistance of counsel.

The District Court denied his petition holding the petition was time barred. Douglas appealed this decision and on July 1, 2015, the United States Court of Appeals for The Eight Circuit denied the certificate of appealability and dismissed the appeal. *See Douglas v. Kelley*, No. 15-1414 (8th Circuit 2014).

**B.  Instant Petition**:

Douglas filed the instant Petition, pursuant to § 2254, on October 2, 2014. ECF No. 1. In this Petition he alleges his 1984 conviction is void because the state court did not have subject-matter jurisdiction over him. The Respondent asserts the instant Petition should be dismissed as a

successive petition, filed without permission of the Court of Appeals pursuant to 28 U.S.C. 2244(b)(3).  ECF No. 7.  Respondent also asserts Douglas has not met the jurisdictional, in custody requirements and the claim is untimely.  *Id*.

## C. <u>Discussion</u>:

Douglas clearly filed an earlier petition seeking *habeas corpus* relief.  He has not shown he requested and received permission from the United States Court of Appeals for the Eighth Circuit to file the instant second petition as required by § 2244 (b)(3).  Title 28 United States Code Section 2244 states in pertinent part:

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The instant petition is successive because it presents claims attacking the same judgment that was already attacked in a prior petition.  *Kuhlman v. Wilson*, 477 U.S. 436, 444 n.6 (1986)(plurality)

(citing *Sanders v. United States*, 373 U.S. 1, 15-17 ((1963)).  Douglas has litigated a § 2254 petition to conclusion in this Court.  On August 11, 2014, U. S. District Judge Susan O. Hickey denied relief in *Douglas v. Hobbs*, No. 1:13-CV-1086 (W.D. AR 2013).  ECF No. 15.  Douglas filed a notice of appeal and a motion for a certificate of appealability which were denied.  ECF No. 23.

Before filing this current Petition, Douglas did not seek permission in the Eight Circuit Court of Appeals to pursue a second or subsequent petition for relief under § 2254.  28 U.S.C. § 2244 (b)(3) requires that before a second or application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.  Accordingly, this petition should be dismissed.

**D.  Conclusion**:

Douglas has not obtained permission from the United States Court of Appeals for the Eighth Circuit to file this second Petition pursuant to § 2254.  The instant Petition should be dismissed with prejudice as successive.

**E.  Recommendation**:

Accordingly, based on the foregoing, it is recommended that the instant Petition be denied as successive and dismissed with prejudice.[2]  I further recommend no Certificate of Appealability issue in this matter.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are**

---

[2] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record."  *Urquhart v. Lockhart, 726 F.2d 1316, 1318-19 (8th Cir.1984).*

reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

   **DATED** this **21st  day of April 2016.**


                                          /s/ Barry A. Bryant_____
                                          HON. BARRY A. BRYANT
                                          U.S. MAGISTRATE JUDGE